IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2:12-cr-162 |
| v. | ) |
| | ) |
| MARIO RODGERS, ALLAN WILLIAMS, | ) |
| ERIC EVERETT, BRANDON BOONE, | ) |
| JOSH WILLIAMS, TERRELL PERCY | ) |
| WILLIAMS, MICHAEL PORTER and | ) |
| DERRICK KNOX, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

July 28, 2014

  This complex criminal case arose out of a lengthy investigation regarding alleged cocaine and heroin trafficking in and around Washington, Pa. On June 13, 2012, a federal grand jury returned an 18-count Indictment against the following Defendants: Kashma Jordan, Robert Harvey, Juan Worthey, Jr., Mario Rodgers, Brandon Wise, Allan Williams, Will Levy, Keith Malone, Alex Hockett, Brent Anderson, Eric Everett, Brandon Boone, Josh Williams, Christina Wright, Terrell Percy Williams, Michael Porter, and Derrick Knox. In Count 1 of the Indictment, each Defendant was charged with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine from January 2011 through June 2012. In Counts 2 through 18, various Defendants were charged with possession with intent to distribute cocaine or crack on various dates.

  On March 19, 2013, a grand jury returned a 22-count Superseding Indictment, in which all of the original Defendants except for Worthey, Malone, and Wright were named. Newly named as Defendants in the Superseding Indictment were John Wright, Jr., Zachary King, and

1

Michael Sutton. Count 1 re-alleges a cocaine conspiracy against all Defendants. Counts 2 through 15 re-allege the cocaine possession/distribution charges from the original Indictment. Counts 16 through 18 allege cocaine/distribution charges against Defendants Sutton and King. Counts 19 and 22 charge Jordan and Everett, respectively, with possession of a firearm in furtherance of a drug-trafficking crime. Finally, Counts 20 and 21 charge Porter and Everett with possession of a firearm/ammunition by a convicted felon.

A jury trial, which is estimated to last four-to-six weeks, is presently scheduled to commence on September 2, 2014. Of the 20 Defendants named in the Original and/or Superseding Indictment, 12 have pled guilty. Eight Defendants remain for trial: Rodgers, Allan Williams, Everett, Boone, Josh Williams, Terrell Williams, Porter, and Knox.

Now pending before the Court are numerous motions in limine and other final pretrial motions:

(1) DEFENDANT [Allan Williams'] FIRST MOTION IN LIMINE RELATING "EXPERT" TESTIMONY CONCERNING THE JARGON AND CODED LANGUAGE COMMON TO DRUG TRAFFICKERS AND REQUEST TO PRECLUDE SUCH TESTIMONY (WITH CITATION TO AUTHORITY) (ECF No. 683);

(2) DEFENDANT [Allan Williams'] MOTION IN LIMINE RELATING "EXPERT" TESTIMONY CONCERNING THE JARGON AND CODED LANGUAGE COMMON TO DRUG TRAFFICKERS AND REQUEST FOR A DETERMINATION OUTSIDE THE PRESENCE OF THE JURY CONCERNING THE ADMISSIBILITY OF SUCH TESTIMONY (WITH CITATION TO AUTHORITY) (ECF No. 684);

(3) DEFENDANT [Allan Williams'] FIRST MOTION TO COMPEL THE GOVERNMENT'S COMPLIANCE WITH THE COURT'S ORDER TO PRODUCE TRANSCRIPTS OF THE INTERCEPTED COMMUNICATIONS THAT IT INTENDS TO USE AT TRIAL (WITH CITATION TO AUTHORITY) (ECF No. 685);

(4) DEFENDANT [Allan Williams'] MOTION IN LIMINE RELATING THE USE OF THE TRANSCRIPTS BY THE GOVERNMENT (ECF No. 694);

(5) "ME TOO" MOTION IN LIMINE (ECF No. 696) filed by Defendant Terrell Williams;

(6) MOTION TO EXCLUDE POST-ARREST STATEMENT (ECF No. 703) filed by Defendant Michael Porter;

(7) UNITED STATES' MOTION IN LIMINE (ECF No. 704) regarding use of a computer during jury deliberations;

(8) UNITED STATES' MOTION IN LIMINE (ECF No. 705) regarding recall of witnesses;

(9) UNITED STATES' MOTION IN LIMINE (ECF No. 706) regarding references to possible sentences;

(10) UNITED STATES' MOTION IN LIMINE AND RESPONSES TO DEFENDANT'S MOTION TO COMPEL AND EXCLUDE THE USE OF TRANSCRIPTS (ECF No. 707);

(11) SECOND MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE (ECF No. 756) filed by Defendant Terrell Williams;

(12) MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S EVIDENCE OFFERED PURSUANT TO 404(B) OF THE FEDERAL RULES OF EVIDENCE (ECF No. 762) filed by Defendant Porter;

(13) DEFENDANT [Allan Williams'] MOTION IN LIMINE RELATING TO EVIDENCE THE GOVERNMENT INTENDS TO OFFER UNDER THE RUBRIC OF F.R.E. 404(b) (WITH CITATION TO AUTHORITY) (ECF No. 764);

(14) DEFENDANT [Eric Everett's] MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S EVIDENCE BEING OFFERED PURSUANT TO 404(b) OF THE FEDERAL RULES OF EVIDENCE (ECF No. 766); and

(15) MOTION IN LIMINE (ECF No. 767) filed by Defendant Terrell Williams.[1]

The government filed an omnibus response (ECF No. 736) to the motions in limine filed at ECF Nos. 683, 684, 685, 694, and 696 and a separate omnibus response to Defendants' motions regarding Rule 404(b) evidence (ECF No. 771). None of the Defendants responded to the motions in limine filed by the government. The Trial Scheduling Order and other deadlines

---

1. The motions filed at ECF Nos. 186, 563, 569 and 677 are **DENIED AS MOOT** because the Defendants who filed those motions have entered pleas of guilty. The Court also notes that it denied Allan Williams' Motion to Suppress his post-arrest statements (ECF No. 697) in a prior Memorandum Opinion and Order. (ECF No. 827).

have expired and the motions are ripe for disposition. Indeed, in its Memorandum Order of February 20, 2014, the Court notified the parties that it would endeavor to resolve all outstanding motions in advance of trial. The motions will, thus, be addressed *seriatim* – the government's first, followed by those of the Defendants.

I. **Government's Motions in Limine**

   A. **Motion in Limine for Authorization for the Jury to Utilize a Computer to Review Audio Recordings (ECF No. 704)**

The government requests that the jury be authorized to use a "non-networked, clean laptop computer" to review the audio recordings of the intercepted communications that are admitted into evidence during trial. As noted *supra*, Defendants have not responded to the Government's request. The Court finds that the jury should be permitted to review the intercepted communications that have been admitted into evidence during trial in its deliberations. The use of a non-networked laptop computer would facilitate this process. Therefore, the Government's motion in limine (ECF No. 704) is **GRANTED**.

   B. **Motion in Limine for Authorization to Recall Certain Law Enforcement Officers (ECF No. 705)**

The government seeks authorization under Fed. R. Evid. 611(a) to recall certain law enforcement officers during its case-in-chief so that the government's evidence may be presented in a chronological manner. This request of the government is **GRANTED**. After each appearance, Defendants will have the opportunity to cross-examine any officer on the subject of the particular appearance and on credibility, and after the officer's final appearance the officer will be subjected to cross-examination concerning all of his or her testimony, subject to Fed. R. Evid 403, i.e., considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

C. **Motion in Limine for Authorization for the Jury to Utilize the Transcripts of the Intercepted Communications During Its Deliberations (ECF Nos. 685, 694, 696, 707)**

The government seeks authorization to utilize transcripts of the intercepted audio and text message communications during the presentation of its case in chief, and, if necessary, during cross examination and for the jury to have access to the transcripts of the intercepted audio and text message communications as an aid during its deliberations. Defendants Allan Williams and Terrell Williams object to the government's proposed use of the transcripts because they allege that government did not comply with that portion of this Court's October 7, 2014 Order which required the government to "provide notice to Defendants of the tape recordings it intends to use at trial, accompanied by the transcripts of each recording which the government intends to give to the jurors" no later than 31 days before trial. (ECF No. 647). These two Defendants contend that the government's purported failure to turn over the transcripts 31 days prior to the March 2014 trial date will deprive them of their right to a fair trial by having impaired their attorneys' ability to prepare a defense. Defendants' arguments, however, have been mooted by the Court's grant of a continuance of the trial until September. In light of the continuance, Defendants cannot establish that they have been or will be prejudiced by any delay of the government in producing the transcripts.

Accordingly, assuming that the transcripts are accurate representations of the intercepted telephone calls and that they will be properly authenticated, the government's motion will be provisionally **GRANTED** and the jury will be permitted to utilize the transcripts as a guide when listening to the recordings during deliberations. The Court will provide the appropriate cautionary instructions to the jury at trial to guard against any potential prejudice or jury

confusion that reference to the transcripts may engender. Specifically, the Court will instruct the jury that the written transcripts of the audio recordings are not evidence and if any differences arise between that which the jury heard on the recordings and that which the jury read in the transcripts, the jury must rely on that which it heard, not what it read.

### D. Motion in Limine to Exclude References to Possible Penalties

The government seeks to preclude counsel for Defendants from making any reference to the potential sentences or other penalties that their clients may be subjected to during their openings statements and closing arguments. The Court agrees with the government that it would be improper for defense counsel to comment on either of these aspects of the case when addressing the jury. *See Shannon v. U.S.*, 512 U.S. 573, 579 (1994). Therefore, the government's motion (ECF No. 706) is **GRANTED**, subject to the understanding that counsel for Defendants are permitted to question the government's cooperating witnesses during cross-examination about the potential sentence that *they* may confront and any sentence reduction that may be in play for having cooperated.

## II. Defendants' Motions in Limine

### A. Motions in Limine Regarding "Expert" Testimony (ECF Nos. 683, 684)

Allan Williams moves to prevent the government from introducing "expert" testimony concerning jargon and coded language used in the intercepted cell phone calls among Defendants. In its response, the government indicated that it does not intend to call an expert witness to interpret the coded language and jargon within the phone conversations. Instead, according to the government, to the extent that the coded language and jargon will be interpreted, the government will elicit such testimony from non-law enforcement witnesses. Accordingly, Allan Williams' motions filed at ECF Nos. 683 and 684 are **DENIED AS MOOT**.

B.     **Motions in Limine to Prevent Use of Transcripts (ECF Nos. 685, 694, 696)**

As discussed *supra*, Allan Williams and Terrell Williams request that the government be prohibited from using transcripts of the wiretapped calls during the trial since the government allegedly failed to comply with this Court's order requiring the transcripts to be produced no later than 31 days before trial. Defendants filed these motions when the trial had been scheduled on March 2, 2014. Since the filing of these motions, however, the government has produced the transcripts, as required by Court Order. While the Court has concerns about the apparent untimely production of these transcripts by the government, Defendants cannot establish that they would be prejudiced in preparing for trial by the government's delay. Thus, Defendants' motions (ECF Nos. 685, 694, 696) are **DENIED**.

C.     **Motion to Exclude Post-Arrest Statement (ECF No. 703)**

Porter seeks to preclude the government from introducing any statement(s) that he may have made following his arrest under Rule 16, on the basis that the statement(s) was not disclosed to defense counsel in a timely manner. Porter avers that the government did not disclose the statement(s) until February 6, 2014, which was just 25 days before the trial had been originally scheduled to commence. The government acknowledges that the statements were not disclosed along with the other Rule 16 materials.

If a party fails to comply with Rule 16's disclosure requirements, "the court may . . . prohibit that part from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2). Rule 16(d)(2), however, "does not require a district court to do anything." *U.S. v. Lopez*, 271 F.3d 472, 484 (3d Cir. 2001). Here, since the trial has been continued until September at Defendants' request, Porter's counsel will have more than enough time to incorporate the alleged post-arrest

statements into his trial strategy – notwithstanding the government's delay. There is simply no prejudice of which to speak. *See id.* (identifying prejudice to the defendant as a key factor to consider in deciding proper sanction, if any, for Rule 16 violation) Thus, the Court will decline to exercise its discretion under Rule 16, and Porter's motion (ECF No. 703) is **DENIED**.[2]

### D. Motions in Limine to Exclude Evidence Based on Fed. R. Evid. 404(b)

Several Defendants move to exclude certain evidence under Fed. R. Evid. 404(b). The Court will begin with a discussion of the general principles governing the admission of evidence under Rule 404(b). Then, it will turn to the particular arguments raised by the Defendants and the government with respect to the separate motions.

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible for another relevant purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As the Court of Appeals has very recently explained, however, "Rule 404(b) is a rule of general exclusion, and carries with it 'no presumption of admissibility.'" *U.S. v. Caldwell*, 2014 WL 3674684, at *5, --- F.3d ---- (3d Cir. July 24, 2014) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:28, at 731 (4th ed. 2013)). Thus, the "permitted uses" should be treated as "exceptions" to the general rule, and "[a]s is generally the case with exceptions," the burden of establishing that the evidence is admissible falls on the proponent of the evidence – in this case, the government. *Id.*

Furthermore, because of the highly prejudicial nature of other-acts evidence, the rule

---

2. The Court notes that unlike Allan Williams, Porter has not challenged the voluntariness of the alleged statement(s) or otherwise moved to suppress the statement(s) on any other grounds. Rule 16 was the only ground upon which he moved to exclude the statements.

"requires care from prosecutors and judges alike." *U.S. v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013). The Court must follow the following four-part framework in deciding the whether evidence should be admitted under Rule 404(b):

> prior act evidence is inadmissible unless the evidence is (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested.

*Id.* at *7 (citations omitted).

The first step requires the Court to determine "whether the evidence is probative of a material issue other than character." *U.S. v. Boone*, 279 F.3d 163, 187 (3d Cir. 2003) (citations omitted). To determine whether an "identified purpose is 'at issue,' courts should consider the 'material issues and facts the government must prove to obtain a conviction.'" *Caldwell*, 2014 WL 3674684, at *6 (quoting *U.S. v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992)). While "the burden on the government is not onerous," *Sampson*, 980 F.2d at 887, the Court of Appeals has "stress[ed] that 'a proponent's incantation of the proper uses of [prior act] evidence . . . does not magically transform inadmissible evidence into admissible evidence," *Caldwell*, 2014 WL 3674684, at *6 (quoting *U.S. v. Morley*, 199 F.3d 129, 133 (3d Cir. 1999)). Rather, the specific purpose must be "'of consequence in determining the action.'" *Id.* (quoting Fed. R. Evid. 401(b)).

At the second step of the analysis, the government must "explain how the evidence is relevant" to, or how it tends to establish, the identified non-propensity purpose. *Id.* "This step is crucial." *Id.* The government "must clearly articulate how that evidence fits into a chain of logical inferences, *no link of which* can be the inference that because the defendant committed . . . . [such an act] before, he therefore is more likely to have committed this one.'" *U.S. v. Lee*, 612

9

F.3d 170, 186 (3d Cir. 2006) (quoting *Sampson*, 980 F.2d at 887) (emphasis added). If the government fails "to articulate this chain of inferences," the Court must exclude the proffered evidence. *Caldwell*, 2014 WL 3674684, at *6 (citing *Sampson*, 980 F.2d at 888).

The Court's task is not over even "once it finds the proponent has shown that the evidence is relevant for a proper, non-propensity purpose." *Id.* at *7. The Court must then proceed to decide, under Rule 403, "whether the evidence is sufficiently probative, such that its probative value is not outweighed by the inherently prejudicial nature of prior bad act evidence." *Id.* (citing *Sampson*, 980 F.2d at 889). The Rule 403 balancing takes on special significance when dealing with Rule 404(b) evidence because "'few categories of evidence bring greater risk of prejudice to the accused . . . .'" *Id.* (quoting Mueller, *Federal Evidence* § 4:28, at 731 (4th ed. 2013)). If the Court determines that the evidence survives the Rule 403 balancing test, then it must still provide a limiting instruction to the jury at the time the evidence is admitted.

With these principles in mind, the Court turns to the arguments raised in each of the Defendants' motions.

          1.     Allan Williams' Motion (ECF No. 764)

Allan Williams argues that the government should be precluded from introducing the testimony of a cooperating witness to the effect that "this cooperating witness knows Allan Williams, knows him from growing-up in Warren, Ohio and is related to him and, as a result of this relationship, knows him to distribute drugs;" and "this same cooperating witness sold illegal controlled substances and purchased illegal controlled substances from Allan Williams before the period of the conspiracy." Allan Williams' Mot. at 4 (ECF No. 764). First, Allan Williams argues that the evidence is nothing more than impermissible propensity evidence intended to impugn his character. Second, he contends that the admission of this evidence would be unfairly

prejudicial and unnecessarily cumulative of the other evidence the government will offer, and thus, it should be excluded under Rule 403.

In response, the government offers a battery of interrelated purposes for which it contends the evidence may be admitted: "to establish his connection to the other members of the conspiracy, his intent to join with them for the purpose of possessing and distributing cocaine, and the reasonable foreseeability that the quantity of cocaine involved was five kilograms or more[,]" to "explain[] the intercepted communications between the defendant and his co-conspirators[,]" and to "rebut[] the anticipated inference or argument that A. Williams was innocently associated with his co-defendants, that he was in the wrong place at the wrong time, or that he was merely an unwitting lackey for another member of the conspiratorial group." Govt.'s Resp. at 13 (ECF No. 771). The government also argues that this "background information" is not "cumulative or repetitive of other witness testimony about the activity that took place during, as opposed to before, the conspiracy" and thus should not be excluded under Rule 403.

          a.          Proper Purpose

The Third Circuit Court of Appeals has afforded the government considerable leeway in admitting evidence of other acts in drug conspiracy cases. *See U.S. v. Cross*, 308 F.3d 308, 324 (3d Cir. 2002). As the government argues, the evidence can be admissible as "background" evidence that assists a jury in piecing together a complete picture of the charged conspiracy. *See, e.g.*, *U.S. v. Simmons*, 679 F.2d 1042, 1050 (3d Cir. 1982) (citation omitted) (concluding that testimony of alleged co-conspirator was "relevant to provide necessary background information, to show an ongoing relationship between [co-conspirator] and [defendant], and to help the jury understand [co-conspirator's] role in the scheme"); *U.S. v. O'Leary*, 739 F.2d 135, 136 (3d Cir.

1984) (upholding admission of other-acts evidence to provide background information and parties' acquaintanceship); *U.S. v. Scarfo*, 850 F.2d 1015, 1019-20 (3d Cir. 1988) (holding that evidence of criminal conduct predating the charged conspiracy was relevant to establish "essential background information, to demonstrate a continuing relationship between [the co-conspirators], and to assist the jurors in understanding the [witness'] role in the . . . scheme"); *U.S. v. Butch*, 256 F.3d 171, 176 (3d Cir. 2001) (upholding district court's decision to admit other-acts evidence "to show background of the charges, the witness' and the defendant's relationship, and their concerted action"); *Green*, 617 F.3d at 247 ("allowing the jury to understand the circumstances surrounding the charged crime – completing the story – is a proper, non-propensity purpose"). Relatedly, other-acts evidence may also be admissible "to show that [the defendant] was familiar with drug-trafficking practices and to establish that his relationship [with the cooperating witness] included drug-trafficking," which could rebut any argument by him that he was an unwitting participant in the alleged drug operation and establish knowledge, intent, and absence of mistake or accident. *See U.S. v. Boone*, 279 F.3d 163, 187 (3d Cir. 2002) (evidence of prior drug dealing "demonstrated [defendant's] 'knowledge,' 'intent' and 'lack of mistake or accident.' It was properly admitted to rebut his defense of ignorance . . . .").

Accordingly, the Court concludes that the government has identified several, non-propensity purposes for which the evidence may be admitted: it can supply background evidence to the jury and show "knowledge," "intent," and "lack of mistake or accident."

b. Relevance

Turning to the second step of the analysis, the Court finds that the government has established that the testimony of the cooperating witness regarding his relationship with Allan Williams and Williams' prior drug dealing activities is relevant under Rule 402. The cooperating

witness has a prior relationship with Allan Williams, such that he will be able to help members of the jury understand where Allan Williams fit into the alleged conspiracy and how he allegedly came to become a participant in it. Additionally, the fact that Allan Williams' previously distributed drugs suggests that he is familiar with "the subterfuge and concealment inherent in drug-trafficking." *Boone*, 279 F.3d 188 (citation omitted). That familiarity is relevant to show that he was not an innocent or unwitting participant in the alleged drug dealing and that he had the requisite knowledge that he was distributing drugs, and not something else, and also that he intended to do so.

### c. Fed. R. Evid. 403 Balancing Test

The proposed evidence also survives a Rule 403 balancing test. First, the probative value of this type of background evidence is particularly high in complex conspiracy cases such this one, where it is essential that the jury be able to understand the scope and general workings of the operation. *Cross*, 308 F.3d at 324 (citing *U.S. v. Mathis*, 216 F.3d 18, 26 (D.C. Cir.), *cert. denied*, 531 U.S. 972 (2000); *U.S. v. Manner*, 887 F.2d 317, 322 (D.C. Cir. 1989); *U.S. v. Merkt*, 794 F.2d 950, 963 (5th Cir. 1986); *U.S. v. Sampol*, 636 F.2d 621, 659 n. 23 (D.C. Cir. 1980)). Moreover, the proffered evidence is highly probative of the issues of knowledge and intent. On the other hand, while there is always some risk of prejudice when dealing with other-act evidence, the Court cannot agree with Defendant's suggestion that admission of the proffered testimony would be "wildly prejudicial." Def.'s Mot. at 7 (ECF No. 764). The testimony will likely be only a minor segment of the government's evidence against Allan Williams and is not so sensational or disturbing that it will lead the jury to convict him on an emotionally charged basis. *See U.S. v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (concluding that "evidence, which represented only a tiny fraction of the testimony heard by the jury, and [which] did not

involve conduct any more sensational or disturbing that the crimes" charged was not unfairly prejudicial). Insofar as there remains some risk of prejudice, it can be limited by an appropriate jury instruction which would limiting the consideration of the evidence to its proper purposes, and the jury in this case will be so instructed.

Moreover, contrary to Allan Williams' argument, the evidence is not cumulative. "'Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates.'" *Cross*, 308 F.3d at 326 (quoting *U.S. v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996)). Here, as previously discussed, the evidence is highly probative to help develop a full picture of the scope of the conspiracy and to show knowledge and intent. By contrast, the presentation of the cooperating witness' testimony regarding his relationship with Allan Williams and his prior drug-dealing activities would not delay the trial in any significant way. As the government points out, the cooperating witness is testifying no matter what, and the challenged other-act evidence appears to be only a small part of his testimony, which is unlikely to greatly lengthen the trial. In sum, the Court finds that the probative value of the proffered statements is not substantially outweighed by the danger of unfair prejudice or any of the other factors set forth in Rule 403. Thus, this motion in limine (ECF No. 764) of Allan Williams is **DENIED**.

    2.    Terrell Williams' Motion (ECF No. 767)

Terrell Williams moves in limine to prevent the government from introducing evidence of alleged prior drug transactions between him and a cooperating witnesses prior to the time period of the conspiracy charged in the Original and Superseding Indictment. He objects to the

government's proposed use of this evidence under Rule 404(b) for the same reasons previously advanced by Allan Williams. In response, the government contends that the testimony is admissible for all of the same reasons that the proffered testimony has been ruled admissible against Allan Williams. The Court agrees and incorporates its analysis from the discussion of Allan Williams' motion. Terrell Williams' motion under Rule 404(b) (ECF No. 767) is **DENIED**.

    3.  Eric Everett's Motion (ECF No. 766)

Everett seeks to exclude the following evidence, arguing that it is inadmissible character evidence: testimony that he participated in an uncharged controlled buy of narcotics on September 15, 2011; testimony that he was arrested in October 2011 for allegedly having possessed drugs; testimony that he participated in a controlled buy on June 26, 2012; and testimony from three cooperating witnesses to the effect that during the time of the alleged conspiracy, they bought drugs from or sold drugs to Everett; that during 2011, Everett would obtain two-to-three ounces of cocaine as often as twice per day; that Defendant was known to rob other individuals for drugs and if Everett indicated he had cocaine to sell, it was because he had allegedly robbed another person for the drugs; and that the cooperating witness would not indicate to Everett how much drugs he had for fear of being robbed by Everett. The government counters that because the evidence relates to incidents occurring during the scope of the conspiracy alleged in the Indictment, it is "intrinsic" evidence that falls outside the parameters of Rule 404(b).

The Court of Appeals has limited the use of the "intrinsic' label" to "two narrow categories of evidence": evidence that "directly proves the charged offense," and evidence of uncharged acts "performed contemporaneously with the charged crime" that "facilitate the

commission of the charged crime." *U.S. v. Green*, 617 F.3d 233, 248-49 (3d Cir. 2010) (citations and quotation marks omitted). In wide-ranging drug conspiracy cases, the scope of the acts which make up the charged offense is broader than in a case involving a single, criminal act. *U.S. v. Harris*, No. 11-196, 2012 WL 3962651, at *4 (W.D. Pa. Sept. 11, 2012). "Thus, a broader scope of evidence is considered intrinsic in conspiracy cases." *Id.* If the proffered piece of evidence is not considered intrinsic, however, it "must be analyzed under Rule 404(b)." *Id.*

Here, all of the evidence falls into the first category: it serves as proof of Everett's conduct in furtherance of the drug conspiracy of which he is alleged to have been a participant. *See U.S. v. Zahir*, 242 F. App'x 880, 881 (3d Cir. 2007); *U.S. v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999). Therefore, Everett's motion which seeks to exclude the evidence under Rule 404 (ECF No. 766) is **DENIED**.[3]

    4.    Michael Porter's Motion (ECF No. 762)

Porter asks the Court to prevent the government from introducing the following evidence on Rule 404 grounds: testimony that he carried a firearm and sold a firearm to the cooperating witness in 2012 (i.e., during the time frame of the alleged conspiracy); and testimony that he engaged in cocaine sales with a cooperating witness for a period of time prior to January 2011. For its part, the government submits the evidence related to the firearms is admissible since it is

---

3. While the Court does not read Everett's motion in limine as seeking to exclude evidence of prior firearm possession, the government has also raised an argument as to the admissibility of evidence of Everett's prior possession of a firearm. According to the government, this evidence is relevant to the firearms charges in Counts 21 and 22 of the Superseding Indictment, since it demonstrates his motive, intent, and knowledge. The government also contends that the evidence can be evaluated outside the parameters of Rule 404(b) since it is direct evidence of his participation in the alleged drug trafficking conspiracy, insofar as he does seek to exclude such evidence. Since Defendant has not responded to these contentions, the parties are invited to re-raise the issue of admissibility of this evidence at trial.

intrinsic to the charged drug-trafficking conspiracy.[4] Moreover, the government contends, the evidence of drug-related bad acts predating the conspiracy is admissible as background evidence and to explain the association between certain co-conspirators and their roles in the charged conspiracy.

### a. Firearm-Related Evidence

The government is correct that possession of a firearm may be relevant in a drug conspiracy case such as this one because firearms are known to be "tools of the trade" of drug trafficking. *See, e.g.*, *U.S. v. Russell*, 134 F.3d 171, 183 (3d Cir. 1998). As such, "gun possession may serve as circumstantial evidence from which a jury can infer drug activity." *U.S. v. Goodnight*, 67 F. App'x 677, 681 (3d Cir. 2003). Evidence related to Porter's sale and possession of a firearm to the cooperating witness is, therefore, relevant "intrinsic evidence" of the drug conspiracy and admissible notwithstanding the strictures of Rule 404(b).

### b. Evidence of Drug-Related Prior Bad Acts

The government argues that this evidence is relevant to explain the background of the crime under indictment, the association between certain of the co-conspirators, and their roles in the alleged scheme. For the reasons set forth above in the Court's discussion of Allan Williams' motion, the Court agrees that the government has identified purposes for which the evidence may properly be admitted. Moreover, the evidence is relevant, and its probative value is not substantially outweighed by the danger of unfair prejudice. It will be admissible, subject to a

---

4. The government has indicated that it does not intend to introduce evidence of Porter's 2011 conviction for unlawfully possessing a firearm in its case-in-chief, though it notes that it may attempt to use the evidence for impeachment purposes if Porter testifies. The Court will reserve ruling on the admissibility of the prior conviction for impeachment purposes until trial. The Court notes, however, that "[w]hen offering a prior conviction to impeach a testifying defendant, the government bears the burden of satisfying the heightened balancing test set out in Rule 609(a)(1)(B)." *Caldwell*, 2014 WL 3674684, at *18.

limiting instruction, and Porter's motion (ECF No. 762) is **DENIED**.

## III. Conclusion

A jury trial was originally scheduled on March 3, 2014. Several defense counsel suggested that the pendency of proposed legislation in Congress, the Smarter Sentencing Act, has negatively impacted their clients' willingness to continue guilty plea negotiations. To wit, Defendants have expressed a concern that by entering a guilty plea they may be precluded from receiving a reduced mandatory minimum sentence if the proposed Smarter Sentencing Act is enacted into law. By Memorandum Order of February 20, 2014 the Court concluded, *inter alia*, that a continuance of the trial date would enable the Defendants and the government to continue their plea negotiations and may provide clarity regarding the potential passage and applicability (or lack thereof) of the Smarter Sentencing Act.

It is now readily apparent that the Smarter Sentencing Act is unlikely to become law during this session of Congress. At last report, there has been no apparent legislative action since March 2014. *See* https://www.govtrack.us/congress/bills/113/s1410. Thus, any further delay of the trial date would not serve the ends of justice. *See* 18 U.S.C. § 3161(h)(7). All pretrial motions have been resolved and many of the Defendants have been held in pretrial detention for lengthy periods of time. All parties and counsel have been on notice that jury selection and trial is scheduled to commence on September 2, 2014.

Therefore, the jury trial will commence **as scheduled** on September 2, 2014. The Court will not countenance any further delays or postponements. All counsel shall plan accordingly. A final pretrial conference will be held on August 18, 2014 at 10:30 a.m.

**SO ORDERED** this 28th day of July, 2014.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:

**Barbara K. Doolittle, AUSA**
Email: Barbara.Doolittle@usdoj.gov
**Jonathan B. Ortiz, AUSA**
Email: jonathan.ortiz2@usdoj.gov
**Jane Dattilo, AUSA**
Email: Jane.Dattilo@usdoj.gov

**Alonzo Burney, Esquire (for Mario Rodgers)**
Email: aburneysr@comcast.net
**Christopher M. Capozzi, Esquire (for Allan Williams)**
Email: chris@cmcapozzilaw.com
**Christy Patricia Foreman, Esquire (for Eric Everett)**
Email: cforemanlaw@yahoo.com
**Steven C. Townsend, Esquire (for Brandon Boone)**
Email: stownsend@pghlaw.com
**Patrick J. Thomassey, Esquire (for Josh Williams)**
Email: pthomassey@hotmail.com
**Gary B. Zimmerman, Esquire (for Terrell Percy Williams)**
Email: garybzim@aol.com
**Michael E. Moser, Esquire (for Michael Porter)**
Email: memoser@comcast.net
**Stanley W. Greenfield, Esquire (for Derrick Knox)**
Email: greenfieldandkraut@verizon.net