IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 12-162 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| ALEX HOCKETT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Alex Hockett's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), as Amended by the First Step Act of 2018, ("Motion," Doc. 1394). The Government filed a Response, (Doc. 1398), and Defendant filed a Reply, (Doc. 1400). After consideration of all the relevant briefing, Defendant's Motion will be denied.

Defendant asserts that there are "extraordinary and compelling" reasons to grant compassionate release in his case, due to his health conditions that place him at significant risk of death or serious illness should he contract COVID-19, including severe obesity, uncontrolled insulin dependent diabetes mellitus, and hypertension, among others; because he was sentenced to a higher sentence than he would be sentenced today due to changes in federal sentencing laws; and because of his low risk of recidivism. (See generally Motion.)

In its Response, the Government concedes that Defendant exhausted his administrative remedies as to his reasons relating to his medical condition, but also asserts that Defendant did not exhaust administrative remedies as to his reasons relating to his career offender status and the length of his sentence, because Defendant failed to include these reasons in his compassionate release request to the Warden. (Response at 2–3; 8–10.) The Government agrees that

Defendant's diabetes and obesity in the COVID-19 pandemic context are "extraordinary and compelling" reasons, but nevertheless states that Defendant is not eligible to be released under the § 3553(a) factors, and further notes that FCI Schuylkill had zero active inmate COVID-19 cases at the time of writing.  (Id. at 5–8.)

In its Reply, Defendant does not directly address the Government's argument regarding exhaustion, and instead in a footnote asserts that the Court need not take a position on Defendant's sentence in order to grant relief because his medical condition is an extraordinary and compelling reason standing alone, and notes that one of the cases the Government cites in support of its position is on appeal before the Third Circuit.  (Reply at 5–6 n.1.)  Defendant further argues that Defendant is not a danger to the community, that Defendant's release would be consistent with the § 3553(a) factors, that Defendant's not having served the statutory minimum is not an impediment to relief, and that few existing cases of COVID-19 at FCI Schuylkill does not diminish Defendant's health risk.  (Id. at 2–14.)

The statute controls the Court's decision here.  Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

A reduction must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. 18 U.S.C. § 3582(c)(1)(A).  The Court must consider the Section 3553 Factors, and here, after careful consideration of the parties' arguments, the Court finds that the 3553 Factors cannot support a reduction in sentence.

The Court is required to consider the factors resulting in Defendant's original sentence. The sentence reflects the Defendant's history and characteristics, the seriousness of Defendant's offense, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the needs for just punishment and deterrence.  Though Defendant highlights in his Motion numerous times that his crime was not violent, the presence of violence is not the Court's only consideration.  (Motion at 2–3, 36, 43.) In this case, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, which involved providing his co-conspirator with cocaine.  (Motion at 2; Response at 7.)  Notwithstanding Defendant's "comparatively limited" criminal history (Motion at 37), Defendant's crime was serious—he packaged and provided cocaine to his co-conspirator who distributed it to customers.  (Response at 7.)  Defendant's guideline range for imprisonment was 262 to 327 months, but Defendant entered a plea agreement under Rule 11(c)(1)(c) to a term of 144 months, of which he has served a little over half to date.  (Response at 8.)

The Court acknowledges that Defendant's health conditions are not insignificant.  While the Court is sympathetic to Defendant's situation, under the circumstances here, the Court does not find Defendant has presented any individualized extraordinary or compelling reason for a reduction of his sentence, given the Court's analysis of the 3553 Factors.  See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *8 (3d Cir. Apr. 2, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's . . . extensive and professional efforts to curtail the virus's spread.").  Moreover, Defendant has not provided evidence that conditions at FCI Schuylkill are of particular risk to him to render his

circumstances extraordinary and compelling, and instead has given generalized concerns about the spread of COVID-19 which is true of any prison environment. (Motion at 26–30.) The Court notes that as of this writing, the number of positive inmate COVID-19 cases at FCI Schuylkill remains zero. (See https://www.bop.gov/coronavirus/.)

Therefore, consistent with the above, Defendant's Motion for Reduction of Sentence, (Doc. 1394), is DENIED.

IT IS SO ORDERED.


October 14, 2020                                    s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge


cc (via ECF email notification):

All Counsel of Record